Filed 6/2/26  P. v. Ray CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY SCOTT RAY,<br><br>    Defendant and Appellant.</td><td>2d Crim. No. B342150<br>(Super. Ct. No. 19CR03322)<br>(Santa Barbara County)</td></tr>
</table>

Gregory Scott Ray appeals from the judgment after a jury convicted him of 37 felony sex offenses against eight minors.  The trial court sentenced Ray to 50 years to life, and a consecutive determinate term of 22 years four months.

Ray contends the trial court erred when it instructed the jury regarding evidence of uncharged and charged crimes and that use of a condom, alone, was insufficient to constitute consent.  He also contends the court erred when it imposed a term of 25 years to life for count 19 pursuant to the "One Strike"

law (Pen. Code,[1] § 667.61).  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Between 2007 and 2018, Ray engaged in sexual activity with eight boys aged 13 to 17.[2]  He met them online through dating sites, or in one case, as a member of his son's sports team.  Most of the counts involved oral copulation, or completed or attempted anal intercourse.  The one count alleging forcible conduct, count 19, was supported by John Doe 4's testimony that when Ray unexpectedly initiated anal sex, he unsuccessfully told Ray to stop and tried to push him away.

In addition to the eight victims, three witnesses testified about uncharged conduct to prove Ray's propensity to commit the charged sex offenses.  John Doe A testified that Ray touched his testicles while giving him a massage.  When John Doe B was 16 or 17, Ray sent him nude photos of himself.  John Doe C was receiving a massage when Ray's hands moved to Doe C's inner thigh and toward his penis.  In another incident, Ray gave Doe C a hug from behind and reached his hands inside Doe C's underwear, touching his buttocks and penis.  Evidence was admitted of an uncharged crime of sexual battery (masturbation) of John Doe 7, in addition to the evidence of the charged crime of sexual penetration against him (count 36).  This propensity evidence was admitted as relevant to issues including Ray's intent.

Ray testified at trial.  He admitted the conduct in some

---

[1] Undesignated statutory references are to the Penal Code.

[2] The victims were identified as John Doe 1 through 8 to protect their privacy rights.  (§ 293.5.)

counts, and denied others. He testified he believed most of the victims were over 18.

The jury found Ray guilty of four counts of sodomy with a person under age 18 (§ 286, subd. (b)(1); counts 4, 29, 34–35), one count of forcible sodomy with a minor age 14 or older (§ 286, subd. (c)(2)(C); count 19), four counts of lewd acts on a child under age 14 (§ 288, subd. (a); counts 7–10), 14 counts of lewd acts on a child age 14 or 15 (§ 288, subd. (c)(1); counts 1–3, 11–15, 22–27), and 13 counts of oral copulation with a person under age 18 (former § 288a,[3] subd. (b)(1); counts 5–6, 16–18, 20–21, 28, 30–33, 37). Regarding an additional count charging sexual penetration of a person under age 18 (§ 289, subd. (h); Doe 7, count 36), the jury found Ray guilty of the lesser included offense of attempted penetration of a person under age 18 (§§ 664, 289, subd. (h)). The jury found Ray not guilty of an additional count of section 286, subdivision (b)(1) (count 38).

For the violations of section 288, subdivision (a) (Doe 2), the jury found true enhancements for victim under the age of 14 (§ 667.61, subd. (j)(2)), and multiple victims in the case (§ 667.61, subds. (b) & (e)(4)). The jury also found true the multiple victim enhancement for count 19 (Doe 4).

## DISCUSSION

*Jury instructions*

"A trial court must instruct the jury, even without a request, on all general principles of law that are ' "closely and openly connected to the facts and that are necessary for the jury's understanding of the case." ' " (*People v. Burney* (2009) 47 Cal.4th 203, 246.) "Even if the court has no sua sponte duty to

---

[3] Section 288a was renumbered as section 287 effective January 1, 2019. (Stats. 2018, ch. 423, § 49.)

instruct on a particular legal point, when it does choose to instruct, it must do so correctly." (*People v. Castillo* (1997) 16 Cal.4th 1009, 1015.) We review claims of instructional error de novo. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 919 (*Covarrubias*).)

*1. CALCRIM Nos. 375 and 1191A*

Ray contends the court erred by instructing the jury with CALCRIM No. 375 regarding uncharged conduct (Evid. Code, § 1101, subd. (b)) and CALCRIM No. 1191A regarding uncharged sex offenses (Evid. Code, § 1108). We disagree.

CALCRIM No. 375 stated that the prosecution presented evidence of uncharged offenses of sexual battery (§ 243.4, subd. (e)(1)), exhibiting harmful material to a minor (§ 288.2, subd. (a)(2)), and possession of child pornography (§ 311.1, subd. (a)). It further stated, "The People presented evidence of other behavior by the defendant that was not charged in this case." It stated that if "the uncharged offenses and acts" were proved by a preponderance of the evidence, the jurors "may, but are not required to, consider that evidence" for the limited issues of identity; specific intent of "sexual arousal, sexual gratification, or sexual abuse"; motive; knowledge the victims were under 18; lack of mistake or accident; and plan or scheme. It stated, "If you conclude that the defendant committed the uncharged offenses and acts, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of counts 1 through 38. The People must still prove each charge beyond a reasonable doubt."

CALCRIM No. 1191A stated that if the same uncharged crimes of sexual battery, exhibiting harmful material, and possession of child pornography were proven by a preponderance of the evidence, the jurors "may, but are not required to, conclude

4

from that evidence that the defendant was disposed or inclined to commit sexual offenses, and . . . was likely to commit and did commit" the charged offenses. It added that this evidence was "only one factor," was "not sufficient by itself" to prove guilt, and "[t]he People must still prove the charge beyond a reasonable doubt."

Other instructions listed the elements of the uncharged crimes and identified the victims for each. The jury was instructed the "harmful material" and child pornography evidence pertained to Doe 5. (CALCRIM Nos. 1140, 1141.) Sexual battery applied to "John Doe A, John Doe C, and John Doe #7 (specifically the allegation that defendant masturbated John Doe #7 at the conclusion of a massage)." (CALCRIM No. 938.) The instructions did not specify the "other behavior by the defendant that was not charged" as stated in CALCRIM No. 375.

Our Supreme Court has " 'long held' " that the jury may consider evidence of other crimes if " ' "proved by a preponderance of the evidence." ' " (*People v. Virgil* (2011) 51 Cal.4th 1210, 1259.) "If the jury finds the facts sufficiently proven for consideration, it must still decide whether the facts are sufficient, taken with all the other evidence, to prove the defendant's guilt beyond a reasonable doubt." (*Id.* at pp. 1259–1260; see *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 437.) These principles were included in CALCRIM Nos. 375 and 1191A, given here.

Our Supreme Court upheld an instruction that applied the preponderance standard to an uncharged offense in *People v. Reliford* (2003) 29 Cal.4th 1007. *Reliford* concluded, "We do not find it reasonably likely a jury could interpret the instructions to authorize conviction of the charged offenses based on a lowered standard of proof. Nothing in the instructions authorized the

5

jury to use the preponderance-of-the-evidence standard for anything other than the preliminary determination whether defendant committed [the uncharged conduct].  The instructions instead explained that, in all other respects, the People had the burden of proving defendant guilty 'beyond a reasonable doubt.' " (*Id*. at p. 1016.)  The instructions here meet that standard.

*People v. Cruz* (2016) 2 Cal.App.5th 1178, and *People v. Holliday* (2024) 104 Cal.App.5th 536, 546, upon which Ray relies, are inapposite because the juries there were instructed to apply the preponderance standard to charged offenses.  In contrast here, CALCRIM Nos. 375 and 1191A designated the preponderance standard only to *uncharged* offenses and acts while CALCRIM No. 1191B required proof beyond a reasonable doubt of *charged* offenses to be used as propensity evidence.

Ray contends his conviction of the lesser included offense of attempted sexual penetration in count 36 should be reversed because the jury was allowed to find the uncharged conduct of sexual battery (masturbation) of Doe 7 based on the preponderance of the evidence.  Because the masturbation occurred during the same massage as the attempted penetration, Ray contends the instruction lowered the burden of proof.  We conclude otherwise.

Ray's reliance on *People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1177–1178 is inapt.  There, the trial court erred because the jury instructions allowed the jury to find the uncharged act of using a cell phone while driving true based on the preponderance of the evidence.  Because using a cell phone while driving was " 'an indivisible part' " of the charged offense of vehicular manslaughter with gross negligence, however, the jury was allowed to consider the defendant's negligence which gave rise to criminal liability under a lower burden of proof.  (*Id*. at p. 1178.)

6

In contrast here, Ray's liability for attempted sexual penetration was not based on his act of masturbating Doe 7's penis.  The two acts constituted separate crimes, even though they were part of "a single course of criminal conduct" and were "rapidly committed against a victim."  (*People v. Harrison* (1989) 48 Cal.3d 321, 324–325; see *People v. Jones* (2001) 25 Cal.4th 98, 104.)

Ray also contends the reference in CALCRIM No. 375 to "other *behavior* by the defendant that was not charged in this case" (italics added) improperly allowed the jury to apply the preponderance standard to behavior "integral to the charged offenses."  He provides examples including Ray asking Doe 1 to expose his penis before engaging in oral and attempted anal sex with him, paying Doe 3 to not report his behavior, and telling Doe 6 he intended to take Doe 6's virginity before doing so.

Evidence admitted pursuant to Evidence Code section 1101, subdivision (b) includes "other act[s]" and is not limited to other crimes.  (*People v. James* (1976) 62 Cal.App.3d 399, 407.)  A preponderance of evidence instruction can be proper regarding acts against a charged victim that do not constitute crimes.  (*People v. San Nicolas* (2004) 34 Cal.4th 614, 667–668 [" 'prior quarrels' " between defendant and homicide victim].)

"While a single sentence in an instruction 'may or may not be confusing, depending upon the context in which the sentence lies,' an instructional error ' " 'cannot be predicated upon an isolated phrase, sentence or excerpt taken from the instructions.' " ' "  (*People v. Quinonez* (2020) 46 Cal.App.5th 457, 465–466.)  " 'We look to the instructions as a whole and the entire record of trial, including the arguments of counsel.' "  (*Id*. at p. 465; see *People v. Cain* (1995) 10 Cal.4th 1, 36.)

Here, the instructions included multiple reminders that the People must prove each charge beyond a reasonable doubt.

(CALCRIM Nos. 220, 375, 1191A, 1191B.) And the jury was not invited to apply the preponderance standard to "behavior" that was an integral part of a charged offense. The prosecution's argument mentioned only the masturbation of Doe 7 and the conduct involving Does A and C as uncharged acts under CALCRIM No. 375. The argument focused on this specific evidence and did not invite the jury to apply the preponderance standard to the facts of the charged crimes themselves. There is no prejudicial error. (*People v. Cain*, *supra*, 10 Cal.4th at p. 36.)

### 2. CALCRIM No. 1191B

Ray contends his Fourteenth Amendment right to due process of law was violated by an instruction that if the jurors were convinced beyond a reasonable doubt that Ray committed some of the charged offenses, they could use that as "one factor" to conclude he committed other charged offenses (CALCRIM No. 1191B).

This contention lacks merit. As Ray recognizes, we are bound to follow the Supreme Court precedent of *People v. Villatoro* (2012) 54 Cal.4th 1152, 1167–1168, which upheld this instruction. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455; *People v. Meneses* (2019) 41 Cal.App.5th 63, 67–68.)

### 3. CALCRIM No. 1030

Ray contends the jury instruction regarding count 19, sodomy by force, fear, or threats, was erroneous and prejudicial based on the language that a request to use a condom does not establish consent. We are not persuaded.

After mutual oral sex, Ray unexpectedly flipped Doe 4 onto his stomach and sodomized him. Doe 4 told Ray it hurt, told him to stop, and tried to push him away. Ray did not stop and kept pushing Doe 4 down. Doe 4 then " 'gave up,' " and it eventually

8

"became enjoyable."

After the fact, Doe 4 told Ray he would have sex with him again if he would "wear protection and we'd go softer." Doe 4 also texted Ray the next evening and expressed interest in having sex with him again.

The jury was correctly instructed that sodomy by force required proof that the minor did not consent to the act. (§ 286, subd. (c)(2)(C); CALCRIM No. 1030.) The instruction as given included optional bracketed language: "Evidence that the other person requested, suggested, or communicated that the defendant use a condom is not enough by itself to constitute consent."

Ray did not object to the instruction as given, even after the prosecutor specifically referenced the bracketed language and asked if there was an objection. By agreeing to the instruction and not requesting that it be modified or clarified, Ray forfeited the issue. (*Covarrubias*, *supra*, 1 Cal.5th at p. 901.)

Nor was the instruction erroneous. The language that a request to use a condom, alone, is insufficient to constitute consent is a correct statement of the law. (§ 261.7.) And Ray has not shown that it was not " 'responsive to the evidence.' " (*Covarrubias*, *supra*, 1 Cal.5th at p. 901.) His counsel argued that Doe 4's communications with Ray after the charged offense showed he had consented. The jury instruction properly advised the jury that Doe 4's request that Ray use a condom if they had sex again "is not enough by itself" to establish that he consented to the earlier act. (§ 261.7.) Consent to sex on one occasion does not establish consent for sex on another occasion. No error has been shown because Ray has not shown a "reasonable likelihood that the jury misconstrued or misapplied the instruction." (*Covarrubias*, *supra*, 1 Cal.5th at p. 926.)

9

*One Strike law*

The One Strike law (§ 667.61) provides indeterminate sentences of either 15 years to life or 25 years to life for certain sexual offenses. Pursuant to the One Strike law, the trial court sentenced Ray to 25 years to life for lewd conduct with a child under the age of 14 (Doe 2) in a case with multiple victims (count 7), and concurrent sentences of 25 years to life for the other counts against Doe 2 occurring on the same occasion (counts 8, 9, and 10). (§§ 288, subd. (a), 667.61, subds. (c)(8), (e)(4), (j)(2).) The court also imposed a consecutive sentence of 25 years to life for count 19, sodomy by force against a minor age 14 or older (Doe 4) in a case with multiple victims. (§§ 286, subd. (c)(2)(C), 667.61, subds. (e)(4), (m), (n)(5).) For the remaining counts in the case, the court imposed a determinate sentence of 22 years four months.

Ray contends the sentence for count 19 must be reduced to 15 years to life because the information[4] did not give notice that the prosecution was seeking 25 years to life for that count. We reject this contention.

Count 19 of the information alleged sodomy by means of force against Doe 4 (§ 286, subd. (c)(2)(C)), with a special allegation that "the defendant, within the meaning of Penal Code section 667.61(b), (e)(4), has been convicted in the present case of committing a specified offense against more than one victim." It thus alleged, and the jury found, all the facts necessary for a sentence of 25 years to life pursuant to section 667.61, subdivisions (m), (e)(4), and (n)(5). But the information did not cite these subdivisions, and cited instead subdivision (b) of

---

[4] References to the "information" are to the operative pleading in this case, the fifth amended information.

10

section 667.61, which provides for a sentence of 15 years to life "[e]xcept as [otherwise] provided." The information thus did not provide the notice required by due process that the prosecution was seeking a sentence of 25 years to life for count 19. (*In re Vaquera* (2024) 15 Cal.5th 706, 712–713 (*Vaquera*).)

Nevertheless, we conclude the pleading error was harmless and did not constitute a waiver or estoppel against the prosecution (*Vaquera, supra,* 15 Cal.5th at p. 726) because Ray had "timely actual notice that [the prosecution] was seeking a 25-year-to-life sentence" (*id.* at p. 727) by "means other than the information" (*id.* at p. 728).

When discussing Ray's rejection of a plea offer of 16 years, the prosecution stated he was facing a maximum exposure of a "significant determinate term followed by potentially two counts of 25-to-life." The court clarified that the indeterminate terms must be consecutive for a total of 50 years to life following a determinate term. (See § 667.61, subd. (i).) Ray's counsel agreed that was the potential sentence, and Ray said he understood. Ray was thus "aware of the sentence the prosecution was seeking at a time when he could have taken his sentencing exposure into consideration in making key decisions about how to conduct his defense, 'including whether to plead guilty, how to allocate investigatory resources, and what strategy to deploy at trial.' " (*Vaquera, supra,* 15 Cal.5th at p. 727.)

The probation report recommended four consecutive terms of 25 years to life for counts 7 through 10, citing section 667.61, subdivision (j)(2), and a consecutive term of 25 years to life for count 19, citing section 667.61, subdivisions (e)(4) and (m). Ray's sentencing brief requested concurrent sentences of 25 years to life for counts 7 through 10, and acknowledged that a consecutive sentence for count 19 "will be 25–life." At sentencing, counsel

11

stated that one term of 25 years to life for Doe 2 and a term of 25 years to life for Doe 4 were "correct." At no time did Ray or his counsel claim they thought the prosecution was seeking only 15 years to life for count 19.

Ray considered the potential One Strike sentences in his case strategy. Counsel stated the counts involving Doe 2, and count 19 involving Doe 4, were "why this case went to trial." Ray testified at trial that he never had sex with Doe 2. He admitted having sex with Doe 4 but testified he believed he was 18. He also testified he and Doe 4 discussed having anal sex in advance and although Doe 4 said it hurt, he did not tell him to stop. Although the jury rejected Ray's version, he had " 'sufficient notice to permit the defense to make informed decisions about the case.' " (*Vaquera*, *supra*, 15 Cal.5th at p. 726.) Accordingly, any error was not prejudicial.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.                    CODY, J.

12

Kristy Imel, Judge

Superior Court County of Santa Barbara

_____

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.